1  **WO**

2  NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo, | No. CV-16-04536-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| McGraw-Hill Global Education Holdings LLC, et al., | |
| Defendants. | |

This matter is before the Court on Defendant[1] McGraw-Hill Global Education Holdings LLC's ("McGraw-Hill") Motion for Attorney's Fees (Doc. 72). Plaintiff DRK Photo ("DRK") filed a Response (Doc. 78), and McGraw-Hill filed a Reply (Doc. 84). DRK also filed a Motion to Seal an unredacted copy of DRK's Response to Defendant's Motion for Attorney's Fees and related exhibits. (Doc. 80). McGraw-Hill did not file a Response to the Motion to Seal and the time to do so has expired. *See* LRCiv. 7.2(c).

**I.  BACKGROUND**

This was a copyright suit filed by DRK, a stock photo agency, against McGraw-Hill, a textbook publisher for allegedly infringing on DRK's copyright by exceeding the scope of license restrictions pertaining to certain photographs or failing to obtain permission to use the photographs. (Doc. 27). This was not DRK's first copyright suit in which DRK asserted that it had standing to bring the action pursuant to the "Representation

---

[1] DRK's initial complaint named two Defendants; however, Plaintiff's first amended complaint only named McGraw-Hill as a Defendant. (Doc. 27).

Agreements"[2] and "Transfer Agreements"[3] between DRK and the photographers. In 2012, DRK filed suit against McGraw-Hill in the District Court of Arizona ("2012 Action"), in which the Court granted partial summary judgment in favor of McGraw-Hill finding that DRK lacked standing under 17 U.S.C. § 501(b) for the majority of its claims (June 10, 2014 Order"). *DRK Photo v. McGraw-Hill Companies, Inc.*, 2014 WL 2584811, at *8 (D. Ariz. June 10, 2014), *aff'd sub nom. DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017). In the 2012 Action, the Court held that neither the Representation Agreements nor the Assignment Agreements transferred legal ownership to DRK; therefore, as DRK was not the legal or beneficial owner of an exclusive right under a copyright, DRK did not have standing to sue for infringement of that right. *Id.* DRK appealed the June 10, 2014 Order.

Despite the ongoing 2012 Action appeal, DRK filed this current suit, again relying on the Representation Agreements and Assignment Agreements to provide standing, even though in the 2012 Action the Representation Agreements and Assignment Agreements had been deemed ineffectual to confer standing under the Copyright Act. (Docs. 72 at 8-9, 78 at 4).[4] On April 5, 2017, the parties filed their Joint Case Management Report, in which DRK stated that it would opposes a stay of this case pending the outcome of the 2012 Action appeal. (Doc. 37 at 7). In the course of this litigation McGraw-Hill filed multiple motions, including a Motion for Summary Judgment (Doc. 45) and a Motion to Disqualify Counsel. (Doc. 49). On April 16, 2018, McGraw-Hill filed a notice of supplemental authority, which provided that on September 12, 2017, the Ninth Circuit had upheld the June 10, 2014 Order in the 2012 Action and the U.S. Supreme Court had denied

---

[2] DRK entered into a form representation agreement (the "Representation Agreement") with each photographer for whom DRK maintained images in its collection. The Representation Agreements granted DRK a nonexclusive license to engage in certain exclusive rights granted to the photographers under the Copyright Act.

[3] DRK also entered into another agreement with photographers that granted DRK the right to assert copyright infringement claims for those photographs in its collection (the "Assignment Agreement").

[4] For clarity, all references to docket page numbers refer to the ECF filing page number stamped at the top of the page.

DRK's Petition for Writ of Certiorari. (Doc. 67). Before the Court issued an Order on McGraw-Hill's Motion for Summary Judgment, on May 11, 2018, the parties filed a Stipulation of Dismissal with Prejudice. (Doc. 69).

Shortly after the Court approved the parties' stipulation and dismissed the case with prejudice (Doc. 71), McGraw-Hill filed the instant Motion for Attorneys' Fees. (Doc. 72). Along with filing their Response (Doc. 78), DRK filed the Motion to Seal an unredacted copy of the Response and Exhibits 1 and 2 to the Declaration of Daniel Krasemann in Support of DRK's Response. (Doc. 80). DRK lodged the proposed sealed Unredacted Response and Exhibits 1 and 2. (Docs. 81, 82). McGraw-Hill filed a Reply in Support of its Motion for Attorneys' Fees, but did not file a Response to DRK's Motion to Seal. (Doc. 84).

## II. MOTION FOR ATTORNEYS' FEES

McGraw-Hill argues that as the prevailing party[5] it is entitled to an award of attorneys' fees because: (1) DRK's pursuit of this lawsuit was objectively unreasonable and frivolous as a matter of law, (2) DRK and its counsel acted in bad faith in bringing this lawsuit, and (3) a fee award to McGraw-Hill would serve the interests of the Copyright Act by deterring future improper litigation tactics. (Doc. 72). Additionally, McGraw-Hill argues that the amount of fees sought is reasonable. (*Id.* at 20). DRK disputes whether any award is warranted, but in any event, claims that McGraw-Hill has not demonstrated that the fee award requested is reasonable. (Doc. 78 at 16).

### A. Entitlement to Fees

McGraw-Hill requests attorneys' fees pursuant to 17 U.S.C. § 505 of the Copyright Act. Under the Copyright Act, a court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "Fees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the

---

[5] DRK does not dispute that McGraw-Hill is the prevailing party in this action, and the Court finds that the voluntary dismissal with prejudice does in fact render McGraw-Hill the prevailing party. *See Nutrivita Labs., Inc. v. VBS Distribution Inc*., 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016) (holding that in the context of the Copyright Act that a plaintiff's voluntary dismissal with prejudice does confer prevailing party status on a defendant), *aff'd*, 697 Fed. Appx. 559 (9th Cir. 2017).

Copyright Act." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). Whether to award attorneys' fees is in the district court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19, (1994). In deciding whether to award attorneys' fees under the Copyright Act, courts may consider multiple nonexclusive factors, including: (1) the degree of success obtained on the claim, (2) frivolousness, (3) motivation, (4) objective reasonableness of factual and legal arguments, and (5) need for compensation and deterrence. *Jackson v. Axton*, 25 F.3d 884 (9th Cir. 1994), *overruled on other grounds by Fogerty*, 510 U.S. 517. Blameworthiness, including a finding of bad faith or frivolousness, can be an influential consideration, is not a a prerequisite to awarding fees to a prevailing defendant, and these nonexclusive factors "need not all be met." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). Weighing each of these factors, and taking into account other relevant considerations as set forth below, the Court finds that all five factors weigh in favor of awarding McGraw-Hill's attorneys' fees.

### *i. Degree of Success Obtained*

While McGraw-Hill was the prevailing party, at no point did the Court issue a ruling on the merits of the litigation. Thus, the Court finds that McGraw-Hill "obtained a relatively small degree of success for the purposes of determining a fee award." *Nutrivita Labs.*, 160 F. Supp. 3d at 1190; *see also Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 843 (M.D. Tenn. 2004) ("[A] stipulation of dismissal with prejudice is clearly a much lesser degree of success than a judicial vindication of the defendants' position."), *aff'd*, 226 Fed. Appx. 491 (6th Cir. 2007). Thus, the degree of success factor weighs minimally in favor of a fee award to McGraw-Hill.

### *ii. Frivolousness and Objective Unreasonableness[6]*

Here, McGraw-Hill avers that DRK choose to litigate this case on a standing theory that the Court in the 2012 Action and another federal district court had already determined did not convey DRK standing under the Copyright Act. (Doc. 72 at 13); *see also* 2012

---

[6] Courts often combine the frivolousness and objective unreasonableness analysis. *See e.g., Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1042 (9th Cir. 2018); *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996); *Nutrivita Labs., Inc.*, 160 F. Supp. 3d at 1191.

Action, 2014 WL 2584811, at *8; *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 276 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2nd Cir. 2018). DRK claims that, while its standing theory was ultimately unsuccessful, it was not objectively unreasonable.[7] (Doc. 78 at 6).

The action was objectively unreasonable because at the time this action was filed, two federal courts, including the Court in the 2012 Action, had previously held that DRK did not have standing to bring these claims under the Copyright Act. *See* 2012 Action, 2014 WL 2584816; *John Wiley*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014). Although, in a Ninth Circuit concurrence and Second Circuit dissent, there is some support for DRK's position, those decisions both are not controlling and were not issued until after DRK filed this suit, thus those opinions could not have been the basis for DRK's decision to pursue this action. *See DRK Photo*, 870 F.3d at 990 (Berzon, J. concurring); *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 415 (2d Cir.) (Parker, J. dissenting). Moreover, DRK refused to stay this litigation even though it had pending appeals in the Ninth and Second Circuits regarding it standing theory. Thus, the Court finds it was objectively unreasonable for DRK to file this suit after two federal courts had held that the Representation Agreements and Transfer Agreements did not provide DRK standing to maintain a copyright infringement action. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 2014 WL 3767191, at *2 (D. Colo. July 31, 2014) ("The Court, finds that it was objectively unreasonable for Plaintiff to pursue its copyright claims under the 1998 Agreement after three District Courts had previously found that it had no basis for asserting ownership of any of the claimed copyrights."); *see also Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *4 (N.D. Cal. Sept. 5, 2008) (awarding fees because no objectively reasonable claim presented where "the same basic claims had already been previously rejected by the District

---

[7] DRK contends that in order to granted McGraw-Hill's Motion, the "Court would need to find that [DRK's] position on standing was 'objectively unreasonable.'" (Doc. 78 at 3). The Court disagrees. *See Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1988 (2016) (holding that objective reasonableness or unreasonableness is an important factor, but not a controlling one); *see also Bridgeport Music, Inc. v. WB Music Corp.,* 520 F.3d 588, 594 (6th Cir. 2008) ("Objective reasonableness is not an impenetrable shield against fees and costs.").

- 5 -

Court"); *Contractual Obligation Productions, LLC v. AMC Networks, Inc.,* 546 F. Supp. 2d 120, 128 (S.D.N.Y. 2008) (holding that plaintiff's legal theories concerning its standing to pursue a copyright infringement claim are objectively unreasonable because the plaintiff was notice that the courts had already determined that plaintiff did not have standing to assert a claim under the Copyright Act).

Moreover, as previously discussed, the Court finds that DRK was on notice that it did not have standing to bring the copyright claims; therefore, the claims were also frivolous. *See Goldberg v. Cameron*, 2011 WL 3515899, at *4 (N.D. Cal. Aug. 11, 2011) (holding that the continued litigation of claims that plaintiff knew were barred by statute of limitations were frivolous); *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) (holding that the connotations of frivolity are difficult to escape when considering a plaintiff's continued pursuance of objective unreasonable claims in spite of notice that her claims would fail under the applicable legal standard). Thus, both the frivolousness and objective unreasonableness favor an award of attorneys' fees to McGraw-Hill.

### *iii. Motivation*

Under the motivation factor, the Court determines whether the party demonstrated a bad faith motivation in litigating the case. *See Fantasy*, 94 F.3d at 558. A finding of bad faith is not necessary to grant McGraw-Hill's Motion. *See id.* (Requiring bad faith is "'too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants.'"). McGraw-Hill argues that DRK filed this action as an "attempt to leverage the threat of copyright damages[;]" thus, acting in bad faith.[8] (Doc. 72 at 17). In response, DRK argues that its decision to bring this case

---

[8] McGraw-Hill cites other cases in which attorneys at Harmon Seidman & Bruss, LLC, DRK's counsel's firm, have been criticized for improper litigation conduct. (Doc. 72 at 12 n.7). The Court does not condone the tactics outlined in those cases; however, the Court will not penalize individual clients for the tactics of its counsel or its counsel's firm in other cases. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1038 (9th Cir. 2018). Additionally, McGraw-Hill references its Motion to Disqualify DRK's Counsel, Harmon, Seidman, Bruss & Kerr, LLC, for engaging in misconduct by retaining and paying a former McGraw-Hill director, who was responsible for all of McGraw-Hill's litigation discovery efforts across all of the attorneys' cases, including the 2012 Action, as a 'consultant' in all litigations against McGraw-Hill." (Doc. 72 at 17). This action was dismissed before the Court could issue a ruling on the Motion to Disqualify; thus, the Court will not decide the merits of that motion at this time. However, the Court is aware of the ruling in *Grant*

- 6 -

was motivated solely by the desire to remedy McGraw-Hill's infringements. (Doc. 78 at 14).

The Court is aware that it can be difficult to discern a plaintiff's motives in filing a suit; however, here the Court is quite skeptical of DRK's motives because, as previously discussed in the Court's analysis of frivolousness and objective unreasonableness, DRK brought this action based on a standing theory that two courts had already held was insufficient to grant standing. *See Amadasun v. Dreamworks*, LLC, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005). Additionally, Plaintiff's behavior during the litigation—including DRK's refusal to stay this case pending their appeal of the 2012 Action;[9] its decision at the onset of this litigation not to include the individual photographers as plaintiffs, even though two federal courts had already determined that DRK alone did not have standing; and its decision to ignore the authority McGraw-Hill's attorneys provided in its attempts to dissuade DRK from pursing meritless litigation—increase the Court's skepticism of DRK's claimed good faith in pursing this action.

Moreover, even if DRK's standing theory was not objectively unreasonable, the district court's rejection of the identical standing theory in the 2012 Action leads this Court to conclude that this action was filed as a form of DRK's overly aggressive litigation tactics using the threat of copyright damages as a way to obtain large settlements. *See Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 595 (6th Cir. 2008) (holding that given the

---

*Heilman Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2018 WL 2065060, at *2 (E.D. Pa. May 2, 2018), on the same issue, which held that Harmon, Seidman, Bruss & Kerr, LLC's actions warranted disqualification.

[9] Additionally, the Court notes that DRK refused to stay the case because McGraw-Hill refused to enter into any tolling arrangement for the individual photographers. (Doc. 37 at 7 ("DRK opposes the stay that [McGraw-Hill] seeks because [McGraw-Hill] has refused to agree to toll the statute of limitations so that the individual photographers will be able to pursue the claims herein in the event the Ninth Circuit affirms DRK's lack of standing in the [2012 Action]."). However, the DRK now provides that it chose not to include the photographers, the actual owners of the copyright in the photos, as party-plaintiffs because "[t]he photographers, as individuals, could not reasonably justify the time, expense and stress of being parties in a federal court litigation." (Doc. 78 at 11). Thus, it is clear to the Court that DRK made a tactical litigation strategy not to include the individual plaintiffs and then attempted to use a stay in this case as leverage to force McGraw-Hill to toll claims it choose not to bring before the statute of limitations expired.

litigation history, which include the district court's rejection of the identical theory in a companion case, the district court did not err by concluding that Plaintiff's continuance to push the theory was "part of its overly aggressive litigation tactics"); *see also Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *5 (N.D. Cal. Sept. 5, 2008) (finding plaintiff's repetitive motions that lacked merit, "coupled with the fact that this case was duplicative and the District Court noted that his conduct is 'nearly vexatious,' favors awarding fees."). Thus, the motivation factor favors an award of attorneys' fees to McGraw-Hill.

### i*v.* *Need to Advance Considerations of Compensation and Deterrence and the Purpose of the Copyright Act[10]*

Here, the Court determines whether an award for McGraw-Hill would "advance considerations of compensation and deterrence[,]" while still remaining faithful to the purposes of the Copyright Act. *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *4 (C.D. Cal. Oct. 25, 2013) (internal quotation and citation omitted); *see also Fogerty*, 510 U.S., at 526–7; *Scott*, 2010 WL 2569286, at *3 (holding that "[d]eterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudible [*sic*] ends" and "consistent with the ultimate purposes of the Copyright Act . . ."); *Love v. Mail on Sunday*, 2007 WL 2709975, at *5 (C.D. Cal. Sept. 7, 2007) ("there is a need in this case to compensate Defendants for the costs incurred in defending this action, and to deter Plaintiff from advancing unsupportable claims."), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010).

DRK seems to argue that because "[McGraw-Hill's] is a multi-billion dollar, global conglomerate with resources that are a sun to DRK's candle[,]" a fee award would not advance the Copyright Act's purpose. (Doc. 78 at 15). However, DRK is mistaken. "Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the [Copyright] Act, not whether a fee award would do so."

---

[10] Courts often combine the analysis when considering the need to advance considerations of compensation and deterrence and purpose of the Copyright Act. *See Oskar Sys., LLC v. Club Speed, Inc.*, 2010 WL 4235812, at *2 (C.D. Cal. Oct. 20, 2010).

*Mattel Inc. v. Walking Mtn. Productions*, 353 F.3d 792, 816 (9th Cir. 2003). Because DRK ought not to have pursued this action, especially after two federal court orders put DRK on notice that its claim of infringement would not survive as framed, an award of fees is warranted. *See DuckHole*, 2013 WL 5797204, at *4 (holding that an award of fees to the defendants was appropriate as the Court had determined "that Plaintiff's lawsuit was objectively unreasonable, that Plaintiff was a sophisticated party, and that Defendants made an extra effort to educate Plaintiff of the governing case law."); *Oskar Sys., LLC v. Club Speed, Inc.*, 2010 WL 4235812, at *2 (C.D. Cal. Oct. 20, 2010) (holding that an award of fees was appropriate because "Plaintiff ought not to have pursued this action, especially after Plaintiff was put on notice that its claim of infringement would not survive as framed . . ."). Additionally, DRK's refence to McGraw-Hill's revenue lends credibility to McGraw-Hill's argument that DRK filed this suit as an attempt to extract significant payment from a perceived deep pocketed defendant. (Doc. 72 at 19); *see also Scott,* 2010 WL 2569286, at 3 (holding that an award of fees is an appropriate deterrence against plaintiffs filing "non-meritorious lawsuits against defendants seen as having 'deep pockets' . . ."); *YS Built, LLC v. Huang*, 2017 WL 1093207, at *4 ("Having found that Plaintiff's copyright suit was improperly motivated, the Court also finds that a fee award is appropriate to deter similar abuses of copyright and to compensate Defendants for time spent defending against this suit."), *aff'd sub nom. YS Built LLC v. Ya Hsing Chiang Cind Huang*, 739 Fed. Appx. 414 (9th Cir. 2018).

Additionally, DRK submitted its sole proprietorship Schedule C tax filings for the years of 2016 and 2017 and provided that, if DRK is "forced to pay" McGraw-Hill's attorneys' fees, "DRK will be forced into bankruptcy." (Docs. 79, 80). DRK appears to be arguing that the amount of DRK's revenue weighs against an award of fees to McGraw-Hill. (Doc. 78 at 15). The Court is not persuaded. While courts should be careful not to "discourage 'starving artists' from defending copyrights in original works due to the threat of attorney's fees[;]" here, DRK is not a "starving artist" in need of protection from an award of attorneys' fees—it is a serial plaintiff operating a stock photography agency

engaged in licensing photographic images to publishers. *Brod v. Gen. Pub. Group, Inc.*, 32 Fed. Appx. 231, 236 (9th Cir. 2002); *see also Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *12 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017). Moreover, the courts have made it clear that it is not "improper to award attorneys' fees simply because the losing party is impecunious[,]" rather "the court should consider whether, in light of the losing party's financial condition, it would be 'inequitable' to do so." *Perfect 10, Inc.*, 2015 WL 1746484, at *13 (quoting *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003)). McGraw-Hill avers that DRK's claims regarding its revenue are disingenuous because DRK did not disclose the settlement proceeds it has obtained in previous litigations, including prior settlement payments from McGraw-Hill, and does not provide any information concerning DRK's current assets. (Doc. 84 at 8). DRK had the opportunity to provide the Court with documents that supported its claims regarding its financial condition, yet it only choose to disclose its revenue for two years. The Court finds the information submitted by DRK to be insufficient for the Court to hold that an award of attorneys' fees would be inequitable. *Mohammadkhani v. Anthony*, 2010 WL 3636209, at *2 (D. Nev. Sept. 8, 2010) ("With respect to Plaintiff's request that the Court not award any fees or costs due to her current financial condition, the information she has provided is wholly insufficient for a determination of whether such relief should be granted.").

Moreover, the Court finds that the arguments concerning DRK's financial condition are more appropriate when determining the reasonableness of the fee award, not whether the fee award is appropriate. *See Mattel, Inc.*, 353 F.3d at 816 ("The district court appears to have decided that the fee award itself would not further the purposes of the act. Instead of denying fees outright, the court should have reduced the amount of the requested fee, if appropriate."); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (holding "[t]he district court correctly noted that such awards to prevailing plaintiffs serve the purpose of encouraging private enforcement and deterring infringements."). Thus, these two factors favor an award of attorneys' fees to McGraw-

Hill.

**B.     Reasonableness of Attorneys' Fees**

The Court has determined that an award of attorneys' fees to McGraw-Hill is appropriate in this case, thus the Court now turns to the reasonableness of the amount of fees. McGraw-Hill requests a total award of $138,717.00 in fees. (Doc. 84 at 10). DRK disputes whether any award is warranted, but in any event, argues that McGraw-Hill has not demonstrated that the fee award requested is reasonable. (Doc. 78 at 16).

To calculate a reasonable amount of attorney's fees, the Court employs the lodestar method, multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. The fee applicant "must submit evidence in support of those hours worked." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995). Courts should not consider hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S., at 434.

DRK does not appear to dispute the reasonableness of the hourly rates McGraw-Hill's counsel charged; however, it does take issue with the number of hours billed by McGraw-Hill's counsel. (Doc. 78 at 18). DRK suggests that McGraw-Hill's billing was excessive, yet DRK does not provide any records or any evidence of how much time its counsel spent pursuing this action, which could have aided the Court in determining whether the time expended was reasonable. (Doc. 84); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Although opposing counsel's billing records may be relevant to determining whether the prevailing party spent a reasonable number of hours on the case, those records are not dispositive."); *Democratic Party of Wash. v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) (noting that opposing counsel's billing

records are "useful" in determining the amount of a reasonable fee).

McGraw-Hill billed a total of 322.2 hours in litigating this matter. (Docs. 73 at 5, 85 at 2). DRK avers that McGraw-Hill drafted the same Motion to Disqualify Counsel (Doc. 49), in this litigation as it did in six other suits pending around the country, yet McGraw-Hill did not apportion its time. (Doc. 78 at 19). First, there is no evidence that McGraw-Hill billed time it expended in other matters. The hours it expended in connection with the Motion to Disqualify included conducting legal research, reviewing the evidentiary record, analyzing and reviewing DRK's Response, reviewing and responding to DRK's request for additional pages for their Response (Doc. 51), and drafting its Reply. (Doc. 73-6 at 12-16). Even if McGraw-Hill filed similar a motion in other litigations "around the country," each motion would have had to conform to the local rules of that particular jurisdiction, included facts of that particular case, and relied on the binding and persuasive authority of that jurisdiction. In fact, the Court reviewed a motion to disqualify counsel filed by McGraw-Hill in another litigation and found that the motion was predicated on the same set of facts—DRK's counsels' hiring of McGraw-Hill's former employee Mari Masalin-Cooper—as the Motion to Disqualify in this case; however, there are substantial differences between the two motions including the legal analysis sections, which references the relevant state rules of professional conduct that were applicable for that case; the factual background section of the motion, which is tailored to the facts of each case; and the declaration of Mr. Beall, which is tailored to each case. (*Compare* Docs. 49, 50, *with* Defendant McGraw-Hill Global Education Holdings, LLC's Motion to Disqualify Harmon Seidman Bruss & Kerr LLC, *Heilman v. McGraw-Hill Global Education Holdings, LLC, et. al.*, No. 17-cv-00694-MMB (E.D Pa. Sept. 25, 2017), ECF No. 30). Therefore, the Court knows of no authority, nor does DRK provide any authority, that would require this Court to reduce the hours expended on the Motion to Disqualify Counsel simply because McGraw-Hill filed a similar motion in other suits.

DRK's arguments concerning the time McGraw-Hill expended in connection with its Motion for Summary Judgment (Doc. 45) fail for similar reasons as the Motion to

- 12 -

Disqualify Counsel. While, McGraw-Hill's Motion for Summary Judgment may have been predicated on the law and facts from the 2012 Action, the Motion included new arguments, and it still necessitated assembling and preparing the evidentiary record, legal research, drafting and proofing, and filing. Thus, the Court finds that the time McGraw-Hill expended in connection with the Motion for Summary Judgment was reasonable.

Additionally, DRK—who also filed *pro hac vice* applications (Docs. 5, 6) and a corporate disclosure statement (Doc. 9) and did not provide the amount of time it took to file either—appears to allege the time McGraw-Hill expended in connection with its two *pro hac vice* applications (Docs. 15, 16) and its corporate disclosure statement (Doc. 24), was unreasonable. (Doc. 78 at 18). The Court is unpersuaded. Without being able to compare McGraw-Hill's time records with DRK's time records for the same filings, and after reviewing the time entries provided, the Court finds McGraw-Hill's time in connection with its two *pro hac vice* applications and corporate disclosure statement to be reasonable.

After reviewing McGraw-Hill's time records, the Court is unpersuaded by DRK's unsupported and conclusory allegations that number of hours McGraw-Hill expended in connection with this litigation were excessive. The Court finds that McGraw-Hill sufficiently documented its time records and that the number of hours expended in connection with this litigation were reasonable. *See Love*, 2007 WL 2709975, at *11 (reducing the defendant's fee request because there was "insufficient evidence to demonstrate that the requested fees were actually incurred in this litigation.").

Finally, the rates charged by McGraw-Hill's counsel—which DRK does not dispute are reasonable—appear reasonable in light of each individual's relevant experience, reputation, and skill compared to the rates charged by comparable lawyers and paralegals. (Doc. 73). Even though this Court finds the rate and hours expended to be reasonable, the Court can adjust a fee award based on the relative financial strength of the parties. *See Ets-Hokin,* 323 F.3d at 766; *see also Barclays Capital Inc. v. Theflyonthewall.com*, 2010 WL 2640095, at *6 (S.D.N.Y. June 30, 2010). DRK has claimed financial ruin if forced to pay

an award of attorneys' fees, and as previously discussed, the Court finds the documents DRK choose to file were insufficient to determine DRK's financial health. (Doc. 79). While the economic disparity between the parties is apparent, the fee award must still be sufficient to accomplish the goals of the Copyright Act, including "considerations of compensation and deterrence." *Fogerty*, 510 U.S., at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) (internal quotation marks omitted)); *see also Vargas v. Transeau*, 2008 WL 3164586, at *4 (S.D.N.Y. Aug. 6, 2008) ("[T]he court may consider the defeated litigant's economic circumstances to determine whether a lesser sum assessed would [fulfill] the statute's deterrent purpose, without subjecting [the losing party] to financial ruin." (internal quotation marks and citation omitted))). The Court weighs DRK's conduct in this litigation and its supposed current financial situation with the size of the fee award, $138,717.00, while keeping in mind the purpose of the Copyright Act, and finds that a fee reduction is not warranted. At the time DRK filed this suit, it was well aware that it was proceeding on an invalid standing theory and early on the litigation it was warned that attorneys' fees could be imposed. (Doc. 86); *see also Perfect 10, Inc.,* 2015 WL 1746484, at *13 (finding that despite plaintiff's claims of insolvency, "[t]he Court's decision to award attorneys' fees under the Copyright Act in this action [was] driven in part by [plaintiff's] own conduct (as [was] the size of the fee award), and the Court finds nothing inequitable about imposing it."). Therefore, pursuant to the Copyright Act, the Court will award $138,717.00 in fees to McGraw-Hill.

### III. MOTION TO SEAL

DRK seeks to file under seal: (1) an unredacted version of its Response to McGraw-Hill's Motion for Attorneys' Fees[11] and (2) Exhibits 1 and 2 to the Declaration of Daniel Krasemann ("Krasemann Decl.") filed in Support of DRK's Response. (Doc. 80). DRK requests the Court seal Exhibits 1 and 2 to Krasemann Decl. because the two exhibits are copies of Mr. Krasemann's Schedule C tax form for the years of 2016 and 2017. (*Id.*) DRK requests the Court seal an unredacted version of its Response because page fourteen

---

[11] The Court notes that DRK filed a redacted Response to McGraw-Hill's Motion for Attorneys' Fees that will not be sealed. (Doc. 78).

of the Response contains figures from Schedule C tax documents. (*Id.*). McGraw-Hill did not file a response; thus, the Court may construe McGraw-Hill's failure to respond as consent to the Court granting the Motion to Seal. *See* LRCiv. 7.2(i) (failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of it summarily). Nonetheless as there is a strong presumption in favor of public access to court documents, the Court will review the Motion to Seal on its merits. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Courts in the Ninth Circuit distinguish between motions to seal documents attached to dispositive versus nondispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). A party seeking to seal a judicial record attached to a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79 (internal quotations omitted).

Without citing any authority, DRK claims that a motion for attorneys' fees is nondispositive. (*Id.*). Without deciding whether a motion for attorneys' fees is dispositive or nondispositive,[12] the Court finds that a Schedule C tax documents satisfies the compelling reasons standard typically applied to dispositive motions. *See F.D.I.C. v. Jones*, 2015 WL 4275961, at *2 (D. Nev. July 14, 2015) (finding that a tax return attached to a declaration satisfied the compelling reasons test to seal the declaration and exhibit); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2011 WL 3759632, at *2 (S.D. Cal. Aug. 25, 2011) (finding information provided on tax returns satisfied the compelling reasons test"); *see also Carbajal v. Warner*, 561 Fed. Appx. 759, 764 (10th Cir. 2014) (finding "the presumption of public access to Court files is outweighed by Plaintiff's interest in privacy

---

[12] *Compare Estate of Conners by Meredith v. O'Connor,* 6 F.3d 656, 659 (9th Cir. 1993) (holding that "because the plaintiffs sought a determination of their claim for attorney's fees, their motion was dispositive of a claim of a party."), *with Delalat v. Nutiva, Inc.*, 2018 WL 1087959, at *2 (N.D. Cal. Feb. 26, 2018) ("Because Plaintiff's motion for attorneys' fees and costs is a nondispositive motion, the Court applies the "good cause" standard to the pending motions to seal.").

in his tax records."). Therefore, the Court will grant DRK's Motion to Seal the Unredacted Response, lodged at Doc. 81, and Exhibits 1 and 2 to the Krasemann Decl., lodged at Doc. 82.

Accordingly,

**IT IS ORDERED** that McGraw-Hill's Motion for Attorneys' Fees (Doc. 72) is **GRANTED.** Defendant is hereby awarded attorneys' fees in the amount of $138,717.00;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly;

**IT IS FINALLY ORDERED** that DRK's Motion to Seal (Doc. 80) is **GRANTED**.

Dated this 4th day of February, 2019.

Honorable Diane J. Humetewa
United States District Judge